# MARIA CRISTINA MARINI

*v.*

# ENRIQUE RENON DE LA BAUME ET AL.

---

Mayaguez, Equity, No. 163.

1. Where a party, being part owner thereof, has been in possession of real estate, managing the whole thereof for many years, a strict account of such management must be rendered to the other owners, especially when they are not residents of the country.

2. In such a case, where an accounting filed against such other owners shows a balance due greater than the value of their entire interest in the estate, so that they would have lost the entire estate without ever having been in possession of the same, and the account on its face is largely illegal and unintelligible, the whole of the same will be disallowed, and the absent owners given their entire estate free of such claim of such manager, as the burden is on him to show his right to make such charges against the other owners, when it appears that the use of the property sufficiently paid him for his trouble.

Memorandum filed February 19, 1909.

---

*Messrs. F. L. Cornwell* and *Leopoldo Feliu,* attorneys **for** plaintiff.

*Mr. F. H. Dexter,* attorney for defendants.

Marini v. De La Baume.

RODEY, Judge, filed the following memorandum:

The court cannot spare the time to write a detailed opinion in this case, but it has been over the pleadings and the issues, as set forth therein, and as shown by the briefs of the respective counsel on file.

It appears that the respondent Enrique Renon de la Baume and his wife have been in possession of a plantation known as the "Hacienda Boqueron," on the southwest corner of the island of Porto Rico, for about ten years last past. During all this time he and his wife owned five eighths of the estate, and the respondents other than Enrique Renon de la Baume owned three eighths. The plantation contains nearly a thousand acres of land, a large part of which is fit for and has been used for cultivating sugar cane, and another large part of which is fit for and has been used for pasture and as a cocoanut grove. He has never rendered any accounting of any kind or character to the respondents living in France, of his doings about the place. His accounting, which was forced from him by the court at the recent hearing, shows, or pretends to show, that he paid off a whole lot of debts alleged to be due from this estate when he took hold of it. By what authority he paid anything on account of the respondents living in France, save by their silence, is not apparent. He winds up his accounting by bringing the respondents living in France out in debt to him and his wife in the sum of $32,755.58. This is made up of a claim of $19,130.10 which he claims his wife paid out from her own means to clear off the estate, and $13,625.48, which is his own salary at the rate of $2,000 per annum, which he allows himself for looking after the interest of these respond-

ents during that time, less the expense money which he thinks ought to be deducted for their share of his living expenses.

We recently sent Superintendent May of the Government Experiment Station at Mayaguez out to the place, to determine if it could be divided, and he made us a very intelligent report indeed, with a sketch map explaining the same. His present and apparently sensible valuation put upon the estate is $53,310, five eighths of which is $33,318.75, and three eighths of which is $19,991.25. So that, if this preposterous claim of Enrique Renon de la Baume were to be allowed, he would not only eat up the entire interest of these respondents living in France, but would bring them out nearly $13,000, in his debt without their ever having gotten possession of an acre of their inheritance. His account is one mass of unintelligible and illegal charges. While he has probably paid off a lot of claims against the estate, it is also probable that he paid a lot he had no business to pay. Neither has he kept up the estate as he ought to have done, because according to Mr. May's report:

"The general appearance of the farm is one where everything possible has been sold from the place and nothing added and no improvements kept up. The old sugar mill is a ruin, part of the walls standing, but with no roof. A small detached building has been covered with grass and is used as a stable. The machinery that was in the mill has been destroyed by fire and rust, and is worthless. The dwelling house is in very bad condition and liable to collapse."

Respondents except Enrique Renon de la Baume contend that they ought to have their three-eighths share in this estate given to them now, together with the reasonable rental value thereof for the time Enrique Renon de la Baume and his wife

Marini v. De La Baume.

have had it. As to the former contention, we agree with them; but, as to the latter, we think they are guilty of laches, and have waived any right to collect for rent at this time.

We therefore find that the respondents except Enrique Renon de la Baume are entitled to their three-eighths interest in said estate free of any charge or claim of the complainant and the respondent Enrique Renon de la Baume thereto, and that the parties should pay the costs of this suit in proportion to their interest; that is, three eighths and five eighths, respectively, including an allowance to Mr. Jones, as examiner, of $74.22.

We further hold that the Guanica Central should at once render an account of what, if anything, it may owe said estate, the net proceeds to go in the same proportion to the parties, and the costs to be paid out of the same if there shall be money enough for that purpose. If not, the costs to be a lien upon the interest of each side, respectively. Mr. May will be allowed a fee of $350 for his services, to be paid as aforesaid.

Counsel for the respective parties being present before the court at this writing, and the court having consulted them regarding the same, and believing that the property is divisible, divides it between them as follows, according to the May report and sketch map, that is to say:

Tract No. 1, as described in the May report, shall be given to the respondent Enrique Renon de la Baume and his wife, Maria Cristina Marini, the complainant herein, and the balance of the property, as per the May report, shall be given to the other three respondents, Alejandro de la Baume, Gonzague de la Baume, and Stanislaus de la Baume. As this division requires an owelty of $1,188.75 to be paid to Enrique Renon de la Baume and Maria Cristina Marini, the same shall be paid

*Marini y. De La Baume.*

by the said three other respondents, and the decree shall provide that it remain a lien upon their interest until it is so paid, unless the same can be immediately paid out of the proceeds of cane from the Guanica Central, which account must be rendered up to date.

Counsel for complainant will therefore prepare a decree embodying this decision of the court, and make it of date before the death of the late Enrique Renon de la Baume, and it will be entered *nunc pro tunc* as of such date; and after such decree is entered and the costs paid, as here indicated, this court will take its hands off, and the probate or insular court having jurisdiction will manage the estate of the said Enrique Renon de la Baume as may be proper. Said decree shall be submitted to the other side, and thereafter to the court, for its approval and entry, and it is so ordered.